UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT HEARD, et. al.,

       Plaintiffs,                   Civil Action No. 2:16-cv-13452

       v.                           HONORABLE GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT COURT

RICK SNYDER, et. Al.,

       Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT**

This is a prisoner civil rights case under 42 U.S.C. § 1983. The plaintiffs are thirteen Michigan prisoners who were each convicted of first-degree murder. The plaintiffs challenge the constitutionality of M.C.L.A. 791.234(6), which precludes parole eligibility for persons convicted of first-degree murder, with the exception of defendants who were juveniles at the time of the offense. Four of the prisoners, including the lead plaintiff, Lamont Heard, are confined at the Thumb Correctional Facility in Lapeer, Michigan. Seven prisoners are confined at the Kinross Correctional Facility in Kincheloe, Michigan. One prisoner is confined at the Carson City Correctional Facility in Carson City, Michigan. One prisoner is confined at the Alger Correctional Facility in Munising, Michigan. Although all thirteen prisoners have filed separate applications to proceed *in forma pauperis,* all of the applications are deficient because none include an authorization to withdraw from trust fund account, a signed certification of the plaintiff's prison trust account from an authorized jail official, and a current computerized trust fund account showing the history of the financial transactions in each of the plaintiff's institutional trust fund accounts for the past six months.

The Court has reviewed the complaint. For the reasons that follow, the complaint will be dismissed without prejudice to the plaintiffs filing individual complaints on their behalf.

The Court will dismiss the complaint for several reasons.

First, the applications to proceed *in forma pauperis* are deficient because none of the plaintiffs have provided this Court with a written authorization to withdraw funds from their prison trust fund accounts. The plaintiffs have also failed to provide the Court with a certified trust account statement from their individual prison accounts. None of the plaintiffs have filed the $ 400.00 filing fee.

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997). Although the PLRA does not specify how fees are to be assessed when multiple prisoners file a joint complaint, the Sixth Circuit has suggested that fees and costs should be divided equally in such cases between the plaintiffs. *Id.*[1]

---

[1] Although the courts of this district have relied on the administrative order in *In Re Prison Litigation Reform Act* for the proposition that the filing fee should be apportioned between multiple prisoner plaintiffs, *See e.g. Williams v. Lafler*, No. 08-13821, 2009 WL 87004, at *1 (E.D. Mich. Jan.12, 2009); *Coleman v. Granholm*, No. 06-12485, 2007 WL 1011662, at *2 (E.D.Mich. Mar. 29, 2007), other district courts within the Sixth Circuit have concluded that since the Sixth Circuit's administrative order in that case "did not consider the impact of Fed.R.Civ.P. 20 on implementation of the PLRA [or the fact that] the PLRA was designed to make prisoners feel the deterrent effect of the filing fee ... [courts should conclude that] each separate plaintiff is individually responsible for a full filing fee...." *Jones v. Fletcher*, No. A.05CV07-JMH, 2005 WL 1175960, at *6 (E.D. Ky. May 5, 2005); *Lawson v. Sizemore*, No. A.05-CV-108-KKC, 2005 WL 1514310, at *1 n. 1 (E.D. Ky. June 24, 2005). Other circuits have likewise held that each prisoner in a multiple prisoner plaintiff action is required to pay the entire filing fee rather than have the fee apportioned among the different prisoners. *See e.g. Hagan v. Rogers*, 570 F. 3d 146, 155-56 (3rd Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001).

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

The applications to proceed without prepayment of fees and costs are deficient because the plaintiffs failed to file an authorization to withdraw funds. The moment plaintiffs filed the complaint, they became responsible for the filing fee, and waived any objection to the withdrawal of funds from their trust fund accounts to pay court fees and costs. *McGore v. Wrigglesworth*, 114 F. 3d at 605. The applications to proceed without prepayment of fees or costs are deficient and subject to dismissal because they lack the requisite authorization forms. *See Lindsey v. Roman,* 408 F. App'x. 530, 533 (3rd Cir. 2010).

Plaintiffs also failed to provide the Court with a signed certification regarding their trust fund accounts. An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2). *See Hart v. Jaukins,* 99 F. App'x. 208, 209-10 (10th Cir. 2004).

Finally, plaintiffs failed to provide the Court with a current computerized trust fund statement of account showing the history of the financial transactions in their institutional trust fund accounts for the past six months. The complaint is thus subject to dismissal because of the plaintiffs' failure to provide the Court a copy of their

computerized prison trust fund accounts for the past six months. *See Davis v. United States,* 73 F. App'x. 804, 805 (6th Cir. 2003).

An additional problem with the complaint is that it appears that the plaintiffs seek to file a class action suit in this case. The Court will deny any such request by the plaintiffs to file a class action because none of these plaintiffs can adequately protect the interests of the class. Numerous cases have held that a prisoner proceeding *pro se* is inadequate to represent the interests of his or her fellow inmates in a class action. *See Heard v. Caruso*, 351 F. App'x. 1, 15 (6th Cir. 2009); *Palasty v. Hawk,* 15 F. App'x. 197, 200 (6th Cir. 2001); *Craig v. Cohn,* 80 F. Supp. 2d 944, 956 (N.D. Ind. 2000); *Caputo v. Fauver,* 800 F. Supp. 168, 169 (D.N.J. 1992); *Avery v. Powell*, 695 F. Supp. 632, 643 (D.N.H. 1988).

If any of the plaintiffs had filed an individual complaint with the above mentioned deficiencies, this Court would issue an order for that plaintiff to correct the deficiencies within a certain period of time. If the plaintiff corrected the deficiencies, the case would proceed. If the plaintiff did not correct the deficiencies, the complaint would be dismissed. The difficulty in this case concerns when, where, how, and by whom these various deficiencies would or should be corrected. Also of concern to the Court is the potential prejudice to the various plaintiffs if there were delays by some of the other plaintiffs in correcting the deficiencies.

All of this points to a final problem with the complaint, namely, whether this Court should allow thirteen different prisoners, who are incarcerated in four different prisons around the State of Michigan, to file a joint complaint. The Court is aware that the joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to

further judicial economy and fairness. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). Fed.R.Civ.P. 20(a)(1), in fact, indicates: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Notwithstanding Fed. R. Civ. P. 20(a)(1), there are significant practical problems with allowing prisoners who are incarcerated at different facilities across the State of Michigan to proceed with the same complaint. As another judge in this district has noted, there are "pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder even if it were otherwise allowed by Rule 20(a)." *Proctor v. Applegate,* 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009)(citing *Boretsky v. Corzine,* No. 08-2265, 2008 WL 2512916, at * 5 (D.N.J. June 23, 2008)). Several of the problems that arise from multiple plaintiff prisoner litigation include the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Id.* (*quoting Boretsky,* at * 5). Of particular relevance to the current complaint is the fact that allowing multiple prisoner-plaintiffs to proceed in a single action "invites violations of Rule 11(a), which requires every pleading to be signed by all *pro se* plaintiffs." *Proctor,* 661 F. Supp. 2d at 780 (citing *Ghashiyah v. Frank*, No. 05-C-0766, 2008 WL 680203, * 1 (E.D.Wis. March 10, 2008). Multiple plaintiff prisoner cases like these can also often lead to pleadings being filed on behalf of the other plaintiffs without their consent. *Id.* An additional problem with multi-plaintiff litigation in

the prisoner context is that "jail populations are notably transitory, making joint litigation difficult." *Id.* (*quoting Boretsky*, at *5).  Other district courts have also pointed to the "need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)." *Proctor,* 661 F. Supp. 2d at 780 (*quoting Boretsky*, at *6)(additional citations omitted). Prisoners are simply "not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult." *Id.* (*quoting Boretsky*, at *6).

The Court recognizes that misjoinder of parties is not normally sufficient to dismiss an action in its entirety, although misjoined parties can be dismissed from the action by the Court. *See Proctor,* 661 F. Supp. 2d at 781 (citing Fed.R.Civ.P. 21)(additional citations omitted).  However, in light of the filing deficiencies in this case, the fact that the plaintiffs appear to be attempting to file a class action on behalf of the other plaintiffs, as well as the fact that the plaintiffs are incarcerated at separate facilities, this Court believes that the best course of action would be to dismiss the complaint without prejudice to the individual plaintiffs filing complaints on their own behalf.

## ORDER

**IT IS HEREBY ORDERED** that Plaintiffs' Compaint is **DISMISSED WITHOUT PREJUDICE** to the plaintiffs each filing individual complaints on their own behalf.

Dated:  October 5, 2016

                                                  s/George Caram Steeh
                                                  GEORGE CARAM STEEH
                                                  UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 5, 2016, by electronic and/or ordinary mail and also on Lamont Heard #252329, Thumb Correctional Facility, 3225 John Conley Drive, Lapeer, MI 48446.

s/Barbara Radke
Deputy Clerk